McMahoN,
dissenting: It appears from the findings of fact that, from the organization of Cecil B. deMille Productions, Inc., through the years before us, deMille and his- associates adhered to the “ purpose, which they had pursued as partners, namely, to save the company’s earnings, to accumulate a fund sufficient so that the company might be able to produce its own pictures ”; that “ the usual method by which independent producers financed their pictures at that time ” was by “ borrowing money from distributors ”; that “ its personnel most of the time was carried on the payrolls of concerns with which this company made contracts ”; that “ it made no pictures except under contracts, and into the productions of such pictures it put no money of its own, the funds being supplied by the other parties to the contracts. Most of its picture profits were from productions personally directed by deMille, although some income came from about 30. pictures produced under his supervision ”; and that “ while the greater part of Productions’ income was its share of picture profits received under its contracts, it dealt actively in securities, both listed and unlisted, and in real estate. It acquired a number of business properties which it let; it bought a theatre or two; it purchased several ranch properties, some used for purposes of picture-making, others operated to some small extent for- farming or fruit-growing. It sought to invest and lay aside -all the money it could, and took interests in varied enterprises — -Arizona' cotton lands,, oil development, a construction company, and others — -some successful, and some not.”
*1178 There is no showing that the accumulation of “ the gains or profits ” in question here was within “ the reasonable needs of the business ” activities of the corporation, numerous and diverse, as actually engaged in during the years before us; most of those business activities, all but one or two at best, were not germane to the production by it of pictures for others under contracts; and none of the other activities were essential to such production. In construing and applying the statute we are concerned with “ the business ”, not a business, which was actually carried on; and in the last analysis the vital question here presented, in this respect, is as to whether its accumulation of “ gains or profits ” in order that it “ might be able to produce its own pictures ” in the future, which it had never done, instead of producing pictures for others under contract as it had always done, is within or “ beyond the reasonable needs of the business ” of the corporation as thus carried on. If it is beyond such “ reasonable needs ”, then the respondent made out a prima facie case under the same subsection of the statute which is applicable and there arises another question as to whether petitioner has overcome the prima facie case made out by respondent.
In my opinion, as to the petitioner, Cecil B. deMille Productions, Inc., the facts establish “ that the gains or profits ” were permitted “ to accumulate beyond the reasonable needs of the business ”, within the .meaning of section 220 of the Revenue Acts of 1924 and 1926, and section 104 of the Revenue Act of 1928, applicable here. The words “ the business ” as there used mean the business as actually carried on at the time in question. These words do not mean business which the corporation is authorized to do but has not done. They do not mean business which the corporation merely wishes to do or even contemplates doing at some future time. They do not mean wholly new business or a wholly new phase of an old business which has never •been ■ actually engaged in. They do not mean a tj^pe of business activity which has- never been engaged in by the corporation but which may or may not be engaged in at some future time so that an effort may be made to realize the personal ambition of a stockholder, however laudable, even though he be the moving spirit and genius of the corporation. They do not permit saving up money or accumulating surplus to be used at some future time in an effort to satisfy such ambition. The statute deals with the realities of “ the business ”, as actually carried on, not with the hopes or aspirations of its stockholders. Any other construction of the statute would be unreasonable and beyond the ordinary meaning of its language. In the instant proceeding it affirmatively appears that the surplus in question was not necessary and was not accumulated to enable the corporation to carry on its business as carried on in the years before us, *1179 but it was “ permitted to accumulate ” to enable the corporation to do something different from that which was done in the years in question. During those years it did not produce pictures; it rendered services, personal in character, to others who did produce pictures; and it desired, thereafter, to produce its own pictures, something quite different from merely rendering services to others who did produce pictures. This contemplated a departure from carrying on its business as it had been carried on in the years in question. Such accumulation is “ beyond the reasonable needs of the business ”■ within the meaning of the statute. Hence, we have here, under the same subsection of these statutes, “ prima facie evidence of a purpose to escape the surtax.”
In my view this prima facie case made by the respondent has not been overcome. I appreciate that there is a finding of fact that “Cecil B. deMille Productions, Inc., was not formed, nor, during, the years 1924 to 1929, inclusive, was it availed of for the purpose of preventing the imposition of surtaxes upon its shareholders through the medium of permitting its gains and profits to accumulate, instead of being divided or distributed ”; and that it is in effect stated in the opinion that the witnesses testified that the purpose in accumulating the earnings of the corporation and building a surplus was “ to enable that organization to finance its own productions ”; but the majority opinion, in effect, holds, and in my opinion erroneously, that its “ gains or profits ” were “ not permitted to accumulate beyond the reasonable needs of the business.” I am unable to conclude that such finding would have been made if the majority had proceeded upon the theory that the corporation’s “ gains or profits ” were “ permitted to accumulate beyond the reasonable needs of the business.” On the contrary, the inescapable inference to be drawn is that the error of the Board in this respect induced the conclusion, of fact which is reflected by the finding as made. Accepting the premise that the facts establish a prima facie case for the respondent, and taking into consideration the entire record, there is, in my opinion, no adequate basis for the majority’s finding or conclusion to the effect that the corporation, during the years 1924 to 1929, inclusive, was not availed of for the purpose of preventing the imposition- of the surtax upon “ its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed.” Subsection (a) and (b) of section 220, supra.
Respondent has not only made out a prima facie case'under the-statute, but there is other evidence, some of which is circumstantial, which tends strongly to support his determination in this respect. Circumstantial evidence is often more convincing than categorical denials of purpose made long after the events occur, and so it is *1180 here. The majority opinion states that “ of course, such denials are not entirely controlling. Perhaps they are to be expected, for without them there would be no controversy.” The majority opinion does point out at full value in considerable detail many of th.e strong elements of the proof which tends to support respondent’s contention. It is not necessary to impute perjury to any witness in reaching the conclusion which I have reached and I do not do so. To the extent that their denials are, in effect, conclusions of fact, which we must form from all of the proof bearing upon the subject of purpose, they are not binding upon us. There is other proof upon the subject which is inconsistent with such conclusions of' the witnesses. The only material result of consequence accomplished during the years before us by the accumulations in question is that each stockholder of the corporation has been enabled to “ escape the surtax ” in question; this result followed inevitably from what was done. It is elementary that intent, which is synonymous with purpose, is to be inferred from acts or conduct; and that it is presumed that the natural and necessary or probable consequences of acts, intentionally performed, are intended. It is apparent that the accumulations of surplus in question were accomplished with a high degree of intelligence on the part of those responsible for them. Of course, accumulations of surxjlus for a purpose which carried them “ beyond the reasonable needs of the business ”, such as we have here as pointed out herein, which is the very thing, in view of the statute, which establishes the prima facie case made out by the respondent, can not serve to overcome such prima facie case; they are “ prima facie evidence of a purpose to escape the surtax.”
As heretofore pointed out herein, there are findings that “ the usual method by which independent producers financed their pictures at that time ”, was by “ borrowing money from distributors ”; and that “ its personnel, most of the time was carried on the pay rolls of concerns with which this company made contracts.” There is no showing that either of these methods cannot be adopted when, as and if the corporation actually engages in producing its own ■pictures independently, instead of producing pictures for others. The corporation, with deMille dominating it as he did, was apparently quite resourceful in financing all of its activities without disturbing any of the surplus in question here.
In my opinion the prima facie case made out by the respondent, coupled with the proof which supports his contentions, has not been overcome by the proof which tends to support the contentions of the petitioners upon the subjects of the “ reasonable ” financial needs of “ the business ” of the corporation, or its purposes or those of its stockholders “ to escape the surtax ”; and, for the reasons herein set forth, I cannot agree with the majority in so far as they *1181 hold that any of the “ additional ” taxes in question herein, as specified in subsection (a) of section 220, sufra, applicable here, are not to be imposed.
Smith and Adams agree with this dissent.